## HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

July 7, 2016

JIAN HANG, ESQ.
Tel : (718) 353-8588
Cell: (718) 350-9308
Fax: (718) 353-6288
Email: jhang@hanglaw.com

**VIA ECF**
Hon. Ronald L. Ellis
United States Magistrate Judge
500 Pearl Street
Courtroom 11C
New York, New York 10007

      Re:  *Mou v. Barraja Inc., at al.*,
           Case No. 15-cv-7567

Dear Judge Ellis:

    Plaintiffs' counsel, along with Defendants' counsel, request that your Honor approve the settlement reached in this matter. A copy of the signed settlement agreement is annexed herein as Exhibit A.

    This is an action by Chin Lam Mou and Zenon Xochmitl ("Plaintiffs") for alleged unpaid overtime and spread-of-hours pay brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.* and the New York Labor Law ("NYLL"). Plaintiffs also seek statutory damages based on Defendants' alleged failure to provide certain notices that are required under the NYLL. Plaintiffs were formerly employed as chefs in Defendants' restaurant. Plaintiffs both worked at Thalia Restaurant for a period of almost two and a half years. Plaintiffs worked well in excess of forty hours per week and claimed that they were paid a fixed weekly rate which did not take their overtime hours into account. Defendants maintain that Plaintiffs were paid all the amounts that were due, including overtime wages, and that Defendants' actions fully complied with federal and state law.

    If Plaintiffs were to prevail on all of their claims, their unpaid wages, exclusive of liquidated damages, would total approximately $180,368.72. If Defendants prevailed on their stronger defenses, they claim that Plaintiffs are not entitled to any damages, as it is Defendants' position that one plaintiff, Mr. Zochmitl, was an executive sushi chef who was a properly salaried employee and not entitled to overtime pay, and that Mr. Mou was a line cook who received an hourly rate of $16 plus pay and a half overtime pay at $24 an hour, in the form of cash and checks, which internal records and employee testimony will establish. The gross

settlement amount is $90,000 and the parties' settlement provides that this amount will include all attorneys' fees and costs. This reflects a reasonable compromise between the parties' claims. Plaintiffs will share in the amount of $59,600, after attorney's fees and costs are subtracted. Plaintiffs will receive amounts proportional to their damage calculations. Plaintiff Xochmitl will receive 55.765% of $59,600, since his claims made up roughly 56% of Plaintiffs' back wage calculations. Plaintiff Mou will receive the remaining $26,364, or 44.234% as his claims made up roughly 44% of Plaintiffs' back wage calculations.

Although Plaintiffs' recollection of their hours is sufficient to prove the hours that they worked and the wages they received, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute, Portal-to-Portal Act of 1947, 29 U.S.C. §216(b) (2006), as recognized in *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007), their recollection is not binding on the fact finder. Given Plaintiffs' interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to their claimed hours. Moreover, the most contested issue between the parties are whether the payment Plaintiffs received included and accounted for overtime wages, or instead were a fixed rate. Defendants have produced some time and payroll records to support their view, which may still be challenged. However, the outcome of this issue would depend on the finder of fact. Given the divisions in the parties' version of events, the fact that all trial witnesses would have an interest in the outcome and the limited documentary evidence available, this range of recovery is reasonable.

The foregoing settlement was reached after several months of discussion and arms-length negotiations between the parties, as well as a settlement conference before Your Honor, Judge Ellis. During these settlement discussions, counsel for both sides demonstrated a mastery of the evidence and pertinent legal principles and also represented their respective clients zealously. The fact that the matter is being resolved by way of settlement also eliminates the burden and uncertainty of collection proceedings.

**Attorneys' Fees**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's retainer agreement with Plaintiffs, the firm will be reimbursed for its out-of-pocket expenses of $600. This includes a $400 filing fee and $200 for the service of process. The firm will retain 1/3 of the remaining settlement amount of $89,400 as attorneys' fees, which is $29,800. This equals a total amount of attorneys' fees and costs of $30,400, as set forth in Paragraph 1 of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (*citing Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181-82 (S.D.N.Y.

2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

Counsel for the Plaintiffs and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

/s/ Jian Hang
Jian Hang, Esq.